```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ADRIANA FERIAS,

        Petitioner,

v.                                   Case No: 2:16-cv-811-FtM-99MRM

LORETTA LYNCH, Attorney General, MARK J. MOORE, Field Officer Director Enforcement, JEH JOHNSON, Secretary of Department of Homeland Security, and JUAN MORENO, Officer in Charge Glades Miami Office,

        Respondents.

_____

## ORDER OF DISMISSAL

Petitioner Adriana Ferias ("Petitioner"), a native and citizen of Venezuela, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, filed November 4, 2016). At the time she filed her petition, Petitioner was detained at the Glades County Detention Center in Moore Haven, Florida, pending deportation under a final order of removal. Id. at ¶ 17.

Respondents filed a motion to dismiss the petition for mootness (Doc. 10, filed January 30, 2017). In their motion, Respondents assert that Petitioner is no longer in the custody of Immigration and Customs Enforcement ("ICE") because she has been released under an order of supervision. Id. at ¶ 1. Petitioner

has not responded to Respondents' motion, and the time to do so has passed. Accordingly, the motion is ripe for review.

For the reasons set forth below, the Court concludes that this action must be dismissed as moot.

## I.   BACKGROUND

On September 11, 2015, an immigration judge ordered Petitioner deported on the ground that she had been convicted of a removable offense under INA §§ 237 or 212 (Doc. 1 at ¶ 15). Petitioner's appeal was denied, and the removal order became final on February 17, 2016. Id. at ¶ 16. In her § 2241 petition for habeas relief, Petitioner seeks release from ICE custody on the ground that the length of her current detention has been unreasonably long under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Id. at ¶ 27.

In response to this Court's order to show cause (Doc. 9), Respondents filed a motion to dismiss Petitioner's habeas petition as moot (Doc. 10). Respondents urge that Petitioner challenges only her continued detention, and "[w]hen a habeas proceeding challenges the length of confinement as opposed to the underlying conviction and the petitioner is released, the petition should be dismissed as moot." Id. at 1-2. To their motion, Respondents attach a Release Notification and Order of Supervision showing that Petitioner was released from ICE custody on January 30, 2017

and is allowed to remain at large pending deportation (Doc. 10-1).

## II. DISCUSSION

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001)(internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998)("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v. Gonzales, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or

expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Murphy v. Hunt, 455 U.S. 478, 482 (1982).

In the instant case, Petitioner challenges her extended detention and seeks only release from ICE custody (Doc. 1 at 7). She does not challenge the underlying order of removal. Therefore, Petitioner's claim was resolved by her release. Because Petitioner was released pending removal, the chances of her extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the exception to the mootness doctrine does not apply. See Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) ("Since the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

### III. CONCLUSION

Since the Court can no longer give Petitioner any meaningful relief, her § 2241 petition is moot and "dismissal is required because mootness is jurisdictional." Al Najjar, 273 F.3d at 1336, 1253; Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's

challenge to the legality of his extended detention); <u>Nunes v. Decker</u>, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); <u>see also</u> <u>Hernandez-Gonzalez v. Holder</u>, Case No. 2:13-cv-190-FtM-29DNF, 2013 WL 1729005, * 1-2 (M.D. Fla. 2013).

Accordingly, it is now **ORDERED**:

1.   Respondents' Motion to Dismiss for Mootness (Doc. 10) is **GRANTED**.  The 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

2.   The **Clerk of Court** is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __3rd__ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record